IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01742-BNB

ROBERT VANDEVENTER,

    Applicant,

v.

TRAVIS TRANI, Warden, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -9 2009

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Applicant Robert Vandeventer is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Vandeventer initiated this action by filing a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Denver County District Court case numbers 97CR344 and 97CR345.

The Court must construe the application liberally because Mr. Vandeventer is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the application.

Mr. Vandeventer was charged with two counts of aggravated robbery, two counts of felony menacing and two counts of a statutory crime of violence. He agreed to plead

1

guilty to two counts of aggravated robbery in exchange for consecutive sentences in the range of ten to thirty-two years. He was subsequently sentenced to two consecutive twenty-four year terms. Mr. Vandeventer filed a Rule 35(b) motion for reconsideration of his sentence on April 27, 1999. He alleges that the trial court denied the motion on April 29, 1999. He then filed a Rule 35(c) motion in January 2003, which was summarily denied by the trial court. In August 2004, Mr. Vandeventer filed a second *pro se* Rule 35(c) motion, which was supplemented by appointed counsel in July 2006. The trial court denied the motion as untimely pursuant to Colo. Rev. Stat. § 16-5-402. On appeal, the Colorado Court of Appeals concluded that the post-conviction motion was successive, and affirmed the trial court's order. **See People v. Vandeventer**, 07CA0801 (Colo. App. March 5, 2009) (unpublished decision).

In the instant action, which the Court received for filing on July 23, 2009, Mr. Vandeventer asserts one claim for relief. He claims that he was denied due process when the trial court denied without a hearing the ineffective assistance of counsel claims raised in Mr. Vandeventer's second Rule 35(c) motion. As relief, he requests a hearing on these claims.

The Court finds that this claim must be dismissed because the facts Mr. Vandeventer alleges in support of that claim do not state a cognizable federal constitutional claim. There is no federal constitutional right to post-conviction review in the state courts. **See Pennsylvania v. Finley**, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . .

states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Mr. Vandeventer alleges in his only claim for relief that he was denied due process because the trial court denied his Rule 35(c) motion without a hearing. The fact that the Rule 35(c) motion was denied without a hearing relates solely to state court post-conviction proceedings and does not challenge the judgment of conviction that provides the basis for Mr. Vandeventer's incarceration. Therefore, Mr. Vandeventer may not raise this claim for relief in a habeas corpus action. Accordingly, it is

ORDERED that Applicant's claim for relief is dismissed for failure to state a federal constitutional claim. It is

FURTHER ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this __9__ day of __Sept__, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01742-BNB

Robert Vandeventer
Prisoner No. 42107
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/9/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk